IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN GARDNER,

                Plaintiff,

v.

HARVARD UNIVERSITY, HARVARD UNIVERSITY
POLICE, ROBERT NEUGEBOREN, SERGIO
IMPARATO, SUSAN DONNELLY, CHRIS BAVITZ,      OPINION and ORDER
TANNA WISE, JOHN WISE, JOHN HOPKINS,
FATHER PHIL MERDINGER, NEW ENGLAND           21-cv-503-wmc[1]
CENTER AND HOME VETERANS, BOSTON
HOUSING AUTHORITY, TIM MURPHY, DIANEE
KREIBICH, MILTON GARDNER, DR. KEITH MAY,
DR. GARY ANDERSON, AND VETERANS
INCORPORATED,

                Defendants.

---

      Pro se plaintiff John Gardner alleges that he was wrongfully removed from a master's degree program at the Harvard Extension School and struggled to find suitable housing at a home for veterans in Boston. He contends that defendants violated his rights under federal and state law in several ways.

      Gardner has raised related allegations in several courts. Four months after Gardner brought this action, he filed a closely related lawsuit in the Western District of Kentucky, which was transferred to the District of Massachusetts. *See Gardner v. Harvard University et al.*, 1:21-cv-12076-NMG (D. Mass. 2021). While this case was pending, that case was dismissed for failure to state a claim. *See Gardner*, 1:21-cv-12076-NMG, Dkt. 10 and Dkt. 13. Gardner has filed other similar federal lawsuits that have been dismissed for various reasons. *See Gardner*

---

[1] I am exercising jurisdiction over this case for screening purposes only.

*v. Harvard University et al.*, 8:22-cv-00038-RGK-PRSE (D. Neb. 2022); *Gardner v. Harvard University et al.*, 1:21-cv-00164-GNS (W.D. Ky. 2021); *Gardner v. Wise et al.*, 0:19-cv-00706-JRT-DTS (D. Minn. 2019). The decisions in these cases may have some preclusive effect on Gardner's claims in this case, but I will not take up the preclusion issue at this point.

The court granted Gardner leave to proceed in forma pauperis. Because Gardner proceeds in forma pauperis, I must screen the complaint under 28 U.S.C. § 1915A(e)(2)(B). I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Gardner has failed to state a claim upon which relief may be granted and he has asserted some futile claims, so I will dismiss the complaint. I will give Gardner an opportunity to file an amended complaint that fixes some of the problems. But I will not allow Gardner to assert the futile claims in an amended complaint.

ALLEGATIONS OF FACT

In the fall of 2018, Gardner took a class at defendant Harvard University in which defendant Tanna Wise was the teaching assistant. Wise treated Gardner differently than other students in the course because he asked "legitimate questions," which Gardner contends constituted "disparate treatment" and retaliation. During this course, Gardner emailed Wise and mentioned her father, who had died in prison. Gardner believed that this "tragedy" explained Wise's behavior toward him. In early 2019, Gardner was admitted to Harvard

Extension School's Master of Liberal Arts program. A short while later, a Harvard University Police Department officer told Gardner that Wise had filed a complaint against him for harassment. The officer threatened to fine or imprison Gardner if he contacted Wise again, which Wise alleges deprived him of rights and thus violated 18 U.S.C. § 242. Two weeks later, the Harvard Extension School removed Gardner from the master's degree program "without any hearing or chance to explain [his] side."

Harvard then engaged in "extreme retaliatory behaviors" against Gardner. For instance, the Harvard University Police Department accused Gardner of trespass, failed to give him a copy of Wise's complaint, and blocked access to his Ohio State emails. Administrators and educators at Harvard threatened Gardner with student conduct violations if he did not stop asking questions about a laboratory's data collection protocols.

Gardner says that Wise began stalking him in October 2019. Approximately two months later, Gardner moved to the New England Center for Veterans in Boston (the New England Center). Nondefendant Joshua moved into the New England Center with "ulterior motives" to facilitate Wise's harassment. Roughly two months after that, Wise allegedly sent Gardner two nude photos. Gardner contends that a sex trafficking ring connected to Jeffrey Epstein operates at Harvard and explains this retaliation. Wise was trafficked in this ring.

Gardner returned to the New England Center in July 2020. New England Center staff thought Gardner was an undercover police officer. New England Center staff waited for 10 months to find Gardner an apartment so that staff could "intrud[e] into [his] internet and emails." New England Center staff intentionally housed Gardner next to a disruptive resident to discourage him from filing a federal lawsuit. The Boston Housing Authority failed "to remove the problem person or take appropriate legal action." Gardner contends that his allegations

3

regarding the New England Center and Boston Housing authority have "connectivity with [his] Harvard/Tanna Wise concern."

In May 2015, Gardner left a "Worchester MA based Veterans Inc house in Bradford, Vermont [Veterans Inc.]" and went to Minnesota to see his mother. Gardner's mother died at the end of 2015. Defendant Tim Murphy wrote Gardner's mother's will. Gardner asked Murphy for a copy but Murphy said that he didn't have one. In February 2017, defendants Milton Gardner and Dianne Kreibich, Gardner's siblings, excluded Gardner from their mother's will by filing for restraining orders against Gardner in the La Crosse County Family Court and refusing to send him a copy of the will. Approximately two months later, Gardner received a copy of the will after the Tomah, Wisconsin Veterans Administration updated his medical records. Gardner is an "equal recipient" in the will but Murphy won't give him documents that are "legally [his]," which Gardner contends is an "Abuse of Process." Milton Gardner allegedly participated in the above sex trafficking ring.

Defendant Father Phil Merdinger is a priest at the St. Lawrence Newman Center (Newman Center) in Minneapolis. Merdinger and another priest disclosed Gardner's personal information and encouraged religious centers in Minneapolis, Boston, and Columbus, as well as church members, to harass Gardner. These events occurred between May 2015 and June 2019. Gardner contends that these events relate to Harvard's retaliation because, in February 2019, Gardner copied Merdinger on an email asking defendant Susan Donnelly, a Harvard administrator, why he was removed from the master's degree program.

Gardner retuned to Minneapolis in May 2021. A month later, Gardner saw Donnelly and a member of Boston-based St. Paul's outreach outside of the Newman Center. Nondefendant Julie Lonergan, an administrator at the Harvard Extension School, stood near

4

Gardner at a hotel in Minneapolis. Defendant Dr. Gary Anderson, who attended dental school with Milton Gardner, sat near Gardner at the hotel.

A dental student at the University of Minnesota asked Gardner to stop emailing her. Defendant Dr. Mays, dean of the dental school, and a police officer spoke to Gardner. Gardner mentioned nondefendant Sandy Dekker, a member of the Newman Center who had disclosed information from Gardner's emails. This caused Mays to leave. Gardner believes that defendant Neugeboren (a Harvard administrator), Donnelly, and Lonergan worked with "Merdinger's St. Paul['s] Outreach" and Dekker to "undermine" his sobriety and get him in "trouble to stop [him] from confronting their nefarious actions." These actions include Harvard's harassment, Gardner's siblings' "abuse of process," and Dekker's granddaughter's admission to Harvard "in return."

In April 2021, Gardner saw Wise walking next to him in Boston. Gardner saw Wise in Minneapolis in early June 2021 and in Madison in late June 2021.

Gardner alleges federal claims under the Due Process Clause, Title IX of the Education Amendments of 1972 (Title IX), federal criminal statutes, Second Amendment, and he alludes to the Fair Housing Act (FHA) and Title VI of the Civil Rights Act of 1964 (Title VI), along with state-law claims for abuse of process and fraud. Gardner seeks damages and injunctive relief. Gardner may also be alleging a conspiracy claim under 42 U.S.C. § 1983.

## ANALYSIS

I start with a general problem. Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise, and direct."

Fed. R. Civ. P. 8(d)(1). "A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The primary purpose of these rules is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (alteration adopted). If lack of "basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct," dismissal may be an appropriate remedy. *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011). Length alone is "generally insufficient to justify rejecting a complaint," *id.* at 797, but it may contribute to a complaint's overall lack of coherence, *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

Many of the complaint's allegations are lengthy and unclear. The complaint's paragraphs are not numbered or limited to a single set of circumstances. Gardner even acknowledges that he is "intermeshing dates and events within these paragraphs [to] help explain the connectivity to why there was no Due Process and the increased heavy-handed tactics by Harvard[.]" Dkt. 1 at 7. But Gardner's "intermeshing of dates and events" clouds the factual basis of his claims. The complaint's factual allegations span 16 single-space pages and they are disorganized, contributing the complaint's overall lack of coherence. Gardner's complaint fails to comply with the Federal Rules of Civil Procedure. If Gardner chooses to file an amended complaint, it must be clear, concise, and organized into separate claims against specific defendants.

I turn now to the substantive problems.

**A. Due process**

42 U.S.C. § 1983 creates a private right of action for the deprivations of constitutional right, including the right to due process. *See Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, Gardner must allege that he was deprived of a constitutional right and that the deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *see also Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021) ("Section 1983 grants a private right of action against a 'person' who acts under color of state law to deprive another of rights under federal law, including the Constitution."). Because § 1983 actions may only be maintained against defendants who act under color of state law, the defendants in § 1983 cases are usually government officials [i.e., state actors]." *See London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010). Private persons may be sued under § 1983 only when they act under color of state law, but "they may not be sued for merely private conduct, no matter how discriminatory or wrongful." *Id.*

Gardner bases his due process claim partly on his removal from the master's degree program. Gardner's allegations suggest that only Harvard and its administrators and educators were responsible for this decision. Because these parties are not state actors under § 1983, I will dismiss Gardner's due process claim against them. *See Rice v. President & Fellows of Harvard Coll.*, 663 F.2d 336, 337 (1st Cir. 1981) ("Harvard is not a public institution and is not sufficiently intertwined with the Commonwealth of Massachusetts so as to meet the 'state action' requirement for a [§] 1983 cause of action."); *see also Doe v. Trustees of Bos. Coll.*, 942 F.3d 527, 529 (1st Cir. 2019) ("It is quite clear, and the parties do not dispute, that federal due process law does not dictate to states the procedures which its private colleges must follow in administering student discipline."); *Gardner v. Harvard Univ.*, No. CV 21-12076-NMG, 2022

7

WL 3230032, at *3 (D. Mass. Aug. 10, 2022) ("Because Harvard is a private university, its disciplinary procedure [does] not have to comport with constitutional requirements for due process.").

I will assume for screening purposes that the Harvard University Police Department is a state actor under § 1983. But Gardner's allegations do not suggest that the Harvard University Police Department was responsible for his removal from the master's degree program. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." (alteration adopted)); *Ortiz v. City of Chicago*, 656 F.3d 523, 539 (7th Cir. 2011) (section 1983 plaintiff must show that defendant "caused the deprivation of a federal right"). Gardner's assertion that a Harvard University Police Department officer told him that Wise had filed a complaint against him does not suggest that the police department deprived him of any right. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (To satisfy Rule 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). In any case, Gardner cannot proceed against this officer because he did not name him as a defendant in the complaint's caption. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005). I will dismiss Gardner's due process claim against the Harvard University Police Department based on his removal from the master's degree program.

Gardner also bases his due process claim on the Harvard University Police Department's failure to give him a copy of Wise's complaint. The Due Process Clause prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. XIV, § 1. To state a procedural due process claim, Gardner must demonstrate: (1) a cognizable liberty or property interest; (2) a deprivation of that interest;

and (3) a denial of due process. *See Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013); *see also Crenshaw v. Baynerd*, 180 F.3d 866, 869 (7th Cir. 1999) ("[T]o raise a procedural due process claim," the plaintiff must "identify a . . . state-created liberty interest[.]" (citation omitted)).

Gardner has not identified a state-created liberty or property interest in receiving a copy of the complaint, and I am not aware of any. I will not allow Gardner to proceeding on this due process theory.

**B. Title IX**

Title IX prohibits recipients of federal funding "from subjecting any person to discrimination on the basis of sex." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173 (2005); 20 U.S.C. § 1681(a). "Title IX's prohibition on discrimination on the basis of sex likewise covers retaliation against a person because he complains of sex discrimination." *Milligan v. Bd. of Trustees of S. Illinois Univ.*, 686 F.3d 378, 388 (7th Cir. 2012) (alteration adopted).

Gardner alleges that he experienced "disparate treatment" at Harvard, but does not allege that this alleged mistreatment was on the basis of his sex. *See Gardner v. Harvard Univ.*, No. CV 21-12076-NMG, 2022 WL 3230032, at *4 (D. Mass. Aug. 10, 2022) ("Although Gardner alleges that he was excluded from participation in an education program which presumably receives federal financial assistance, he has not set forth any factual allegations from which the Court may reasonably infer that the exclusion was on the basis of sex."). Gardner also alleges that he was retaliated against for asking "legitimate questions" in Wise's class and that this retaliation continued after his removal from the master's degree program. But Gardner does not allege that he was retaliated against because he complained about sex discrimination. I will dismiss Gardner's Title IX claims.

C.  **Federal criminal laws**

Gardner alleges that Harvard and a Harvard University Police Department officer violated 18 U.S.C. § 241, 18 U.S.C. § 242, and other unspecified federal criminal statutes. But Gardner does not have a private right of action to sue in federal court for violations of federal criminal statutes, and I cannot initiate federal criminal proceedings. *See, e.g.*, *Steed v. Huneke*, No. 22-CV-132-JDP, 2022 WL 1063822, at *1 (W.D. Wis. Apr. 8, 2022); *Sayles v. Indiana Dep't of Corr.*, No. 3:11-CV-427, 2012 WL 1430720, at *2 (N.D. Ind. Apr. 20, 2012); *Castellanos v. McKenzie*, 880 F. Supp. 564, 566 (N.D. Ill. 1995). This claim is futile, and I will allow Gardner to proceed with a claim based on the violation of criminal law.

D.  **Second Amendment**

Gardner alleges that Kreibich, his sister, violated the Second Amendment by falsely stating that he had a firearm when pursuing a restraining order. Kreibich is not a state actor, so I will dismiss this futile claim. *See London*, 600 F.3d at 746.

E.  **FHA and Title VI**

Gardner contends that the New England Center and Boston Housing Authority violated "Federal Fair Housing Civil Right[s] laws," which I understand to refer to the FHA and Title VI. I will not allow Gardner to proceed under Title VI because he has not alleged that these defendants intentionally discriminated against him based on race, color, or national origin. *See Junhao Su v. E. Illinois Univ.*, 565 F. App'x 520, 521 (7th Cir. 2014). I will not allow Gardner to proceed under the FHA because he has not alleged that these defendants intentionally discriminated against him based on a ground that the FHA prohibits, like race or sex. *See Kummerow v. Ohawcha.org*, No. 21-CV-635-WMC, 2022 WL 873599, at *3 (W.D. Wis. Mar. 24, 2022).

### F. Conspiracy

I will not allow Gardner to proceed on a § 1983 conspiracy claim because I have disallowed Gardner from proceeding on any § 1983 claim. *See Katz-Crank v. Haskett*, 843 F.3d 641, 650 (7th Cir. 2016) ("Without a viable federal constitutional claim, the conspiracy claim under § 1983 necessarily fails; there is no independent cause of action for § 1983 conspiracy."). In any case, Gardner's allegations of conspiracy between the public and private defendants are conclusory and fanciful, which precludes proceeding on a conspiracy theory. *See Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992) ("A complaint must contain more than mere conclusory allegations of such a conspiracy; a factual basis for such allegations must be provided."); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007).

### G. State-law claims

I decline to exercise supplemental jurisdiction over Gardner's state-law claims against his siblings and Murphy because I have disallowed his federal claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (courts usually decline to exercise supplemental jurisdiction over "pendent state-law claims" if "all federal claims are dismissed before trial").

## CONCLUSION

I will give Gardner a final chance to amend his complaint to fix, if possible, the problems with his due process, Title IX, FHA, Title VI, conspiracy, and state-law claims. I will not allow Gardner to proceed on any claim under federal criminal statutes or the Second Amendment in the amended complaint. In drafting his amended complaint, Gardner should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of federal law.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff John Gardner's complaint, Dkt. 1, is DISMISSED. Plaintiff's claims for violations of federal criminal statutes and the Second Amendment are DISMISSED without leave to amend, and plaintiff's due process, Title IX, FHA, Title VI, conspiracy, and state-law claims are DISMISSED with leave to amend.

2. Plaintiff may have until March 24, 2023, to file an amended complaint.

3. Plaintiff must file his amended complaint on the court's nonprisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff does not comply with this order, I may dismiss the case.

6. It is plaintiff's obligation to inform the court of any new address. If he fails to do this and defendants or the court are unable to locate him, him claims may be dismissed for her failure to prosecute them.

7. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

8. The clerk of court is directed to send plaintiff copies of this order and the court's nonprisoner complaint form. If plaintiff's housing situation interferes with his ability to receive the court's nonprisoner complaint form, he may download the form at https://www.wiwd.uscourts.gov/sites/default/files/Non_Prisoner_Complaint.pdf.

Entered February 22, 2023.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge