IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN GARDNER,

                Plaintiff,

v.

HARVARD UNIVERSITY, HARVARD UNIVERSITY
POLICE, ROBERT NEUGEBOREN, SERGIO
IMPARATO, SUSAN DONNELLY, CHRIS BAVITZ,      ORDER
TANNA WISE, JOHN WISE, JOHN HOPKINS,
FATHER PHIL MERDINGER, NEW ENGLAND       21-cv-503-wmc[1]
CENTER AND HOME VETERANS, BOSTON
HOUSING AUTHORITY, TIM MURPHY, DIANEE
KREIBICH, MILTON GARDNER, DR. KEITH MAY,
DR. GARY ANDERSON, AND VETERANS
INCORPORATED,

                Defendants.

---

      Pro se plaintiff John Gardner alleged that he was wrongfully removed from a master's degree program at the Harvard Extension School and struggled to find suitable housing at a home for veterans in Boston.

      I dismissed Gardner's original complaint because he failed to state a claim upon which relief may be granted and asserted some futile claims. But I gave him an opportunity to amend his complaint to fix some of these problems. I did not, however, give Gardner permission to reallege the futile claims in the amended complaint. I ordered Garner to file his amended complaint on the court's nonprisoner complaint form and allowed him to submit no more than five supplemental pages if he needed more space to allege his claims. Dkt. 11 at 12. I cautioned Gardner that I would dismiss the case if he failed to comply with my order.

---

[1] I am exercising jurisdiction over this case for screening purposes only.

Gardner filed his amended complaint on the required form, but he submitted 13 supplemental pages. Gardner also realleged a violation of 18 U.S.C. § 242, which I ordered him not to do because this claim is legally frivolous. *See* Dkt. 5 at 10; *Nasserizafar v. Ind. Dep't of Transp.*, 546 F. App'x 572, 574 (7th Cir. 2013). Gardner asks me to excuse his submission of more than five supplemental pages because there "have been a lot more [] incidents directly related to his original complaint" that he wished to allege. *See* Dkt. 7-1 at 1. Gardner should have sought permission to submit more supplemental pages before filing his amended complaint. And Gardner has not explained why he realleged the frivolous § 242 claim. Gardner's failure to comply with my prior order is reason enough to dismiss the amended complaint.

Gardner's amended complaint also fails to state a claim upon which relief may be granted. The amended complaint is the same in substance as the original complaint, despite the new allegations. Gardner's due process claim is deficient because Harvard and its employees are not state actors. *See* Dkt. 5 at 7. Contrary to Gardner's contention, Dkt. 6-1 at 3, Harvard's mere receipt of federal funds does not make it a state actor under 42 U.S.C. § 1983. *See, e.g.*, *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1932 (2019). I will assume for screening purposes that officers of the Harvard University Police Department are state actors under § 1983. But Gardner's allegations are too conclusory to suggest that any police officer caused his removal from the master's degree program or otherwise violated his right to due process. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Gardner realleges a Title IX discrimination claim. But his conclusory allegations that he was subjected to "disparate impact" in the master's degree program after raising unspecified "specific concerns" fail to suggest that the removal was on the basis of his sex. Gardner's

conclusory and unclear allegation that the "disparate impact . . . directed towards [him] was based on [defendant] Tanna Wise being a female and myself being a male and the element of sex in their lives," *see* Dkt. 6-1 at 1, does not suggest otherwise, *see Iqbal*, 556 U.S. at 678–79; *see also Gardner v. Harvard Univ.*, No. CV 21-12076-NMG, 2022 WL 3230032, at *4 n.2 (D. Mass. Aug. 10, 2022) ("To the extent that Gardner's Title IX claim is premised on Harvard's alleged failure to address human trafficking of women, such claims fail for several reasons, including the fact that Gardner does not have standing to bring claims based on the injuries of other persons.")

Gardner contends that he experienced retaliation in violation of Title IX. But, as in his original complaint, Gardner's vague and meandering allegations do not suggest that he was removed from the master's degree program because he complained about sex discrimination. Gardner appears to allege that, at some point, he complained that certain defendants were involved in "commercial sex activity." *See, e.g.*, Dkt. 6-1 at 1, 12–13. But Gardner alleges that he came to suspect this activity almost a year after he was removed from the master's degree program in January 2019. Because any complaint about sex discrimination that Gardner might have made would have come well after his removal from the program, the supposed complaint could not have caused his removal from the program. *See Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 857 (7th Cir. 2019) (Title IX retaliation claim requires a but-for causation connection between the protected activity and the materially adverse action).

Gardner alleges that his removal from the master's degree program violated the Americans with Disabilities Act (ADA) because Wise and other Harvard employees knew that he was a recovering alcoholic. Instead of deciding whether Harvard is a "public entity" under the ADA, *see* 42 U.S.C. § 12132, I will treat the ADA claim as a Rehabilitation Act claim, which

bars disability discrimination in programs receiving federal financial assistance, *see* 29 U.S.C. § 794(a). This treatment does not prejudice Gardner claim because the analysis and relief available under these statutes are essentially the same. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012).

The mere fact that these defendants knew that Gardner was a recovering alcoholic does not suggest that they removed him from the program "solely by reason of" his alcoholism. *See Swain v. Wormuth*, 41 F.4th 892, 899 (7th Cir. 2022). Indeed, Gardner alleges that he was removed for raising "specific concerns." Dkt. 6-1 at 1. Although Gardner does not specify these concerns, the amended complaint fails to suggest that they were related to his being a recovering alcoholic. Gardner's allegations are too conclusory to support a Rehabilitation Act violation. *See Iqbal*, 556 U.S. at 678.

As in the original complaint, Gardner's claim under the Fair Housing Act is deficient because his conclusory allegations fail to suggest that any defendant intentionally discriminated against him based on his race or sex in any decision relating to housing. *See* Dkt. 5 at 10; *Iqbal*, 556 U.S. at 678. Similarly, Gardner's Title VI claim is deficient because his conclusory allegations fail to suggest that any defendant intentionally discriminated against him based on his race. *See* Dkt. 5 at 10; *Iqbal*, 556 U.S. at 678.

I inferred that Gardner may have mean to assert a § 1983 conspiracy claim in the original complaint and dismissed it because: (1) Gardner failed to state a viable federal constitutional claim; and (2) Gardner's allegations of conspiracy between the public and private defendants were "conclusory and fanciful," which precluded proceeding on a conspiracy theory. Dkt. 5 at 11. In his amended complaint, Gardner alleges a conspiracy claim under 42 U.S.C. § 1985. But Gardner's meandering and fanciful allegations that he was stalked and harassed

4

because he suspected that defendants were involved in commercial sex activity do not support a § 1985 violation. *See Williams v. Dane Cty. Narcotics Task*, No. 20-CV-957-WMC, 2022 WL 4079023, at *4 (W.D. Wis. Sept. 6, 2022).

Gardner alleges violations of various federal criminal statutes in the amended complaint. As I have explained, Gardner does not have a private right of action to sue in federal court for violations of these statutes, and I cannot initiate federal criminal proceedings. Dkt. 5 at 10.

Gardner alleges some Wisconsin-law claims in his amended complaint. I cannot exercise supplemental jurisdiction over them because I am dismissing the case for failure to comply with court order and failure to state a claim. *See* Dkt. 5 at 11.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED with prejudice for failure to comply with a court order and failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment and send Gardner a copy of this order.

Entered April 3, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge